1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott A. Burroughs (SBN 235718)
3  scott@donigerlawfirm.com
   Trevor W. Barrett (SBN 287174)
4  tbarrett@donigerlawfirm.com
5  Justin M. Gomes (SBN301793)
   DONIGER / BURROUGHS
6  603 Rose Avenue
7  Venice California 90291
   Telephone: (310) 590-1820
8  Attorneys for Plaintiff

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11  NEMAN BROTHERS & ASSOCIATES,        Case No.:
12  INC., a California Corporation,
                                        PLAINTIFF'S COMPLAINT FOR:
13         Plaintiff,
                                          1. COPYRIGHT
14                                           INFRINGEMENT;
15  v.
                                          2. VICARIOUS AND/OR
16  BONNE A MIE, a California business      CONTRIBUTORY
    entity of unknown form; CITIWEAR,       COPYRIGHT
17  INC., a California corporation; CLIQUE  INFRINGEMENT
18  PUBLIC, a California business entity of
    unknown form; FASHION Q, INC., a    Jury Trial Demanded
19  California corporation; DANICE
20  STORES, INC., a New York corporation;
    FASHION CITY, a California business
21  entity of unknown form; INSPIRE, a
22  California business entity of unknown
    form; JOPPA, INC., a California
23  corporation; CORNERSTONE
24  APPAREL, INC., a California
    corporation, individually and doing
25  business as "PAPAYA"; and DOES 1
26  through 10,

27

28                          - 1 -

                          COMPLAINT

Defendants.

Plaintiff NEMAN BROTHERS & ASSOCIATES, INC. (hereinafter "NEMAN" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff NEMAN BROTHERS & ASSOCIATES, INC. ("NEMAN") is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant BONNE A MIE ("BONNE") is a business entity of unknown form organized and existing under the laws of the state of California, and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant CITIWEAR, INC. ("CITIWEAR") is a corporation organized and existing under the laws of the state of California, and is doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant

CLIQUE PUBLIC ("CLIQUE") is a business entity of unknown form organized and existing under the laws of the state of California, and is doing business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant FASHION Q, INC. ("FASHION Q") is a corporation organized and existing under the laws of the state of California, and is doing business in and with the state of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant DANICE STORES, INC. ("DANICE") is a corporation organized and existing under the laws of the state of New York, and is doing business in and with the state of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant FASHION CITY ("FASHION CITY") is a business entity of unknown form organized and existing under the laws of the state of California, and is doing business in and with the state of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant INSPIRE ("INSPIRE") is a business entity of unknown form organized and existing under the laws of the state of California, and is doing business in and with the state of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant JOPPA, INC. ("JOPPA") is a corporation organized and existing under the laws of the state of California, and is doing business in and with the state of California.

13. Plaintiff is informed and believes and thereon alleges that Defendant CORNERSTONE APPAREL, INC., individually and doing business as "PAPAYA" (collectively "PAPAYA") is a corporation organized and existing under the laws of the state of California, and is doing business in and with the state of California.

14. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

15. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN NB986

16. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design Number NB986 (hereinafter "Subject Design"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

17. Plaintiff applied for and received a United States Copyright Registration covering the Subject Design.

18. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

1    19. Following this distribution of product bearing the Subject Design,
2 Plaintiff's investigation revealed that certain entities within the fashion and apparel
3 industries had misappropriated the Subject Design, and were selling fabric and
4 garments bearing illegal reproductions and/or derivations of the Subject Design.
5    20. Plaintiff is informed and believes and thereon alleges that, without
6 Plaintiff's authorization, the above-named Defendants, and certain DOE defendants
7 created, sold, manufactured, caused to be manufactured, imported and/or distributed
8 fabric and/or garments comprised of fabric featuring designs which are identical to
9 or substantially similar to the Subject Design (hereinafter "Infringing Garments").
10 Such Infringing Garments include, but are not limited to:

26 ///
27 ///

a.) garments sold by BONNE under SKU No. 0709334011. Below is a comparison of the Subject Design and one exemplar of a BONNE Infringing Garment:

| Subject Design | Example Infringing Garment |
|---|---|
|  | Garment<br><br>Detail<br> |

b.) garments sold by CITIWEAR under Style No. 86686-DK097. Below is a comparison of the Subject Design and one exemplar of a CITIWEAR Infringing Garment:

| Subject Design | Example Infringing Garment |
|---|---|



///
///

- 7 -

COMPLAINT

c.) garments sold by CLIQUE and FASHION Q under Style No. T9334A.

Below is a comparison of the Subject Design and one exemplar of a CLIQUE / FASHION Q Infringing Garment:

| Subject Design | Example Infringing Garment |
|---|---|

///
///

- 8 -

COMPLAINT

d.) garments sold by DANICE under Style No. 18275. Below is a comparison of the Subject Design and one exemplar of a DANICE Infringing Garment:

| Subject Design | Example Infringing Garment |
|---|---|
|  | |

///
///

COMPLAINT

e.) garments sold by FASHION CITY under Style No. 88666-DK067. Below is a comparison of the Subject Design and one exemplar of a FASHION CITY Infringing Garment:

| Subject Design | Example Infringing Garment |
|---|---|
|  | |

///
///

- 10 -

COMPLAINT

f.) garments sold by INSPIRE under Style No. 55594-DK087. Below is a comparison of the Subject Design and one exemplar of an INSPIRE Infringing Garment:

| Subject Design | Example Infringing Garment |
|---|---|
|  |  |

///
///

- 11 -

COMPLAINT

g.) garments sold by JOPPA under Style No. DSL 254. Below is a comparison of the Subject Design and one exemplar of a JOPPA Infringing Garment:

| Subject Design | Example Infringing Garment |
|---|---|
|  | |

///
///

- 12 -

COMPLAINT

h.) garments sold by PAPAYA under Style No. 55594. Below is a comparison of the Subject Design and one exemplar of a PAPAYA Infringing Garment:

| Subject Design | Example Infringing Garment |
|---|---|
|  | Garment  Detail  |

21. The above comparisons make apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are substantially similar.

22. Given that the designs on each of the Infringing Garments are identical, Plaintiff is informed and believes and thereon alleges that the garments or the fabric they consist of came from a common Doe Defendant source.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

24. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

26. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and

1  supplied garments to said retailers, which garments infringed the Subject Design in
2  that said garments were composed of fabric which featured unauthorized print
3  design(s) that were identical or substantially similar to the Subject Design, or were an
4  illegal derivation or modification thereof.

5   27. Plaintiff is informed and believes and thereon alleges that Defendants, and
6  each of them, infringed Plaintiff's copyrights by creating, making, and/or developing
7  directly infringing and/or derivative works from the Subject Design and by
8  producing, distributing and/or selling garments which infringe the Subject Design
9  through a nationwide network of retail stores, catalogues, and through on-line
10 websites.

11   28. Due to Defendants' acts of infringement, Plaintiff has suffered substantial
12 damages to its business in an amount to be established at trial.

13   29. Due to Defendants' acts of infringement, Plaintiff has suffered general and
14 special damages in an amount to be established at trial.

15   30. Due to Defendants' acts of copyright infringement as alleged herein,
16 Defendants, and each of them, have obtained direct and indirect profits they would
17 not otherwise have realized but for their infringement of the Subject Design. As such,
18 Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly
19 attributable to Defendant's infringement of the Subject Design in an amount to be
20 established at trial.

21   31. Plaintiff is informed and believes and thereon alleges that Defendants, and
22 each of them, have committed acts of copyright infringement, as alleged above,
23 which were willful, intentional and malicious, which further subjects Defendants, and
24 each of them, to liability for statutory damages under Section 504(c)(2) of the
25 Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per
26 infringement.  Within the time permitted by law, Plaintiff will make its election
27 between actual damages and statutory damages.

28

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

32. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

35. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

36. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above,

which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

38. <u>With Respect to Each Claim for Relief</u>
    a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;
    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;
    c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;
    d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;
    e. That Plaintiff be awarded pre-judgment interest as allowed by law;
    f. That Plaintiff be awarded the costs of this action; and
    g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

1  PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE
2  PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE
3  UNITED STATES CONSTITUTION.

Respectfully submitted,

Dated: October 9, 2015      By:    /s/ *Scott A. Burroughs*
Scott A. Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff